## LOGAN v. TIBBOTT et al.

Where the plaintiff was permitted to file amendments to his petition, it is error to refuse leave to defendant to amend his answer. The Code favors amendments to pleadings.

Where four parties entered into a written agreement to go upon a joint adventure to California; and where about a month after, three of the same parties, with another, not a party to the original, make additional stipulations referring to and connected with the first agreement, and in reference to the same adventure, and on the same sheet of paper; held, that the two agreements should be regarded as one and the same contract.

In an action upon an agreement where each party had sustained damages by a failure of the other to perform, the defendant's right to damages may be set off against the plaintiff's, and it is error in the court to exclude evidence tending to prove defendant's right to damages.

### Appeal from Marion District Court.

*Opinion by* HALL, J.  Samuel Tibbott and William Tibbott brought suit by petition against W. H. Logan, the defendant below, upon a contract as follows:

" An article of agreement made this 15th day of March, 1850, between Samuel and William Tibbott, of Pleasant Grove township, Marion county, Iowa, of the first part, and Dorrit Shea and W. H. Logan, township, county and state aforesaid, of the second part.  That the party of the first part, covenant and agree to fit out the party of the second part, for the gold regions of California; find them with clothing and provisions to said region, and also to find them in all necessaries while there, and pay one-half of their passage and expenses home for one-half of the gold, the party of the second part dig or otherwise obtain, till the 25th day of December, 1851.  It is understood

that the party of the second part, shall sustain half of the expenses of hauling their own provisions from market.

Signed and delivered,

DANIEL SHEA,
W. H. LOGAN,
Party of the second part.

In presence of TERRY TUTTLE.

SAMUEL TIBBOTT,
WILLIAM TIBBOTT,
Party of the first part."

On the other side of the same paper, is the following:

"Pleasant Grove, Marion County, April 22, 1850.

It is understood and agreed by and between the undersigned company now bound for the gold region of California, that they will deposit their amounts of digging together in company, and share the same equally when done digging, and also that if any one or more of the party or company should die here or there, shall share equally with the other or others in the amount dug in December 29, 1851, and also if any should lose time by sickness, no deduction shall be made for the same, and this obligation to be in full force from the day we—the company—start from this place for the above mentioned gold region.

DANIEL SHEA,
W. H. LOGAN,
WM. TIBBOTT,
GEO. L. GRANT."

The original petition was filed August 27, 1853. On the 13th of September, 1853, the defendant filed his answer to the petition. On the 13th of September, two amended petitions were filed. The case was called for trial, as the record shows on the same day the amended petitions were filed, and after the jury were sworn, the plaintiff asked leave to amend the answer so as to meet the amended petition. This was refused by the court. One of the jurors being sick, they were discharged. The defendant renewed his motion to amend. The cour

refused, alleging as a reason that he had already decided the question. A new jury were empanneled, and thereupon on the trial, the plaintiff gave in evidence, the contract above dated, 15th of March, 1850, after plaintiff had closed his evidence, the defendant offered the contract written on the the other side of the paper, dated April 22, 1850, to which plaintiff objected, and the court ruled that it should not be given in evidence.

On the trial, evidence was given tending to prove that the plaintiff did not perform this part of the contract, but sold out the team on the Humboldt river, 700 miles before they arrived at the gold region, and abandoned the defendant, and that the outfit furnished by plaintiff was insufficient. The defendant attempted to prove the damages he sustained in consequence of such abandonment which the court ruled improper, and refused to admit. The court also instructed the jury :

" That though the outfit might not have been entirely sufficient to take the parties through to California, still, if the said outfit was of use and value to the defendant, plaintiff can recover for the same, deducting therefrom such amount of damage as defendant has shown he has sustained by reason of the plaintiff's failure and if such use and value exceeds such damage, then plaintiff will be entitled to a verdict for such excess ; and if such damages equal such use and value, then for the defendant."

There were several other exceptions which we do not deem material.

The first question arises upon the refusal of the court to allow the defendant to amend his answer, after the plaintiff had filed two amendments to his petition.

It is possible the refusal of the court on the first application might have been justified, under the circumstances ; but after the jury had been discharged, and the defendant made the application to amend, it was the duty of the court to have allowed the amendment ; Code, § § 1758 and 1759. To refuse amendments when the pleadings have been filed

in the hurry and confusion of attendance at court, would often defeat the ends of justice, and the Code most evidently contemplates that they shall be permitted, under the exercise of a sound discretion by the court.

The second question arises upon the refusal of the court to allow the contract on the other side of the paper, on which the contract was written, to be given in evidence. In this, we think the court erred. Although it was not signed by one of the plaintiffs, it was evidently treated as a part of the transaction, and by one of the parties adopted. This belief is strengthened from the fact that they were both written upon the same paper, and the one of the 22d of April, refers to the one of the 15th of March ; and more especially should this contract be treated as a part of the contract of March 15th, if there was any evidence tending to show that the plaintiffs were partners in the adventure.

The third question arises from the exclusion of the evidence offered by the defendant, tending to prove that he was damaged by being deserted on the Humboldt river, and the instructions given to the jury that they should deduct the damage defendant had sustained, by a failure of plaintiffs to comply with the contract, from the amount of benefit and use that the defendant had received from the outfit.

The inconsistency of these rulings is too apparent to be commented upon. The instruction recognizes a right to offset damages ; the exclusion of the evidence denies him the right to prove the damages. The instruction allowing the damages to be set off is correct, but the exclusion of the evidence was error.

There is error, however, in the instruction. It assumes that if the plaintiffs partly performed their contract, in taking the defendant to the gold regions, that plaintiff could recover the contract share of his earnings, and the defendant could only set off the damages he sustained by the plaintiff's breach of contract. This is not law. The plaintiff must fulfil his obligation. The defendant abandoned, to find his way as best he could on the Humboldt river, 700

miles from the place of destination, cannot be called upon to pay for the plaintiff's misfortunes or faults. The petition does not seek to recover for the use of the team and board and fare of the defendant; it avers a compliance with the contract on the part of the plaintiffs. They must stand or fall upon the truth of their allegation.

Judgment reversed.

*J. E. Neal*, for appellant.

*G. G. Wright*, for appellee.